IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN SERPIK LLC, and ROMAN VLADIMIROVICH SERPIK, <br><br> Plaintiffs, <br><br> v. <br><br> ANGELA C. MARSEE, and MICHELLE K. ROPER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-23-00148-JD |

# ORDER

Before the Court is the Motion to Dismiss [Doc. No. 3] filed by Defendants Michelle K. Roper and Angela C. Marsee ("Motion"). Pro se Plaintiff Roman Vladimirovich Serpik (or ":Roman- Vladimirovich; Serpik:") (hereinafter, "Mr. Serpik") filed a response [Doc. No. 5]. Upon consideration, the Court dismisses this action as set forth below.

**I.      BACKGROUND**

Defendants removed this civil action to this Court from the District Court for Beckham County, Oklahoma (CJ-2023-00020). [Doc. No. 1]. Mr. Serpik asserts claims on behalf of himself and Roman Serpik LLC, a limited liability company, against Beckham County Associate Judge Roper and Marsee, the District Attorney for Beckham County, under 42 U.S.C. §§ 1983, 1985, 1986, 18 U.S.C. § 241, and Okla. Stat. tit. 21, § 424. The sole remedy he seeks is money damages. *See* Compl. [Doc. No. 1-2] at 6. Mr. Serpik clarifies in his Complaint that he brings this suit against Defendants in their

individual capacities. *Id.* at 2 n.1 ("Suit being brought against state officials in their Individual Capacities . . . .").[1] Defendants argue that they are entitled to absolute immunity from suit and that Plaintiff otherwise fails to state claims for which relief may be granted.[2]

## II.   STANDARD OF REVIEW

Mr. Serpik is proceeding pro se; thus, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[3] However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff

---

[1] Mr. Serpik also clarifies that he asserts only individual capacity claims in his Response, which states:

> "Defendants acting in her/his respective official capacity is not a proper defendant in this action and it is well settled that a suit against state official in her capacity is, in fact, suit against the s[t]ate itself is a case law produced in-error because the State suit against Defendants was filed In Article III Jurisdiction (Common Law, Supreme Law) against the man/woman aka Defendants not in their official capacities."

[Doc. No. 5] at 6.

[2] Defendants also argue that they are not proper defendants for official capacity claims under § 1983, as neither of them in their official capacity would be a "person" within the meaning of § 1983. Mr. Serpik, however, is not asserting official capacity claims against them.

[3] An individual may proceed in this Court (1) on his own behalf, without a lawyer, or (2) represented by a lawyer authorized to practice in this Court. Here, Mr. Serpik proceeds on his own behalf, without a lawyer, so he is considered pro se.

2

could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With these standards in mind, the Court turns to its analysis of Mr. Serpik's claims.

## III.   ANALYSIS

To start, the Court agrees with Defendants that Mr. Serpik, as a pro se litigant, may not assert claims on behalf of a business entity. Mr. Serpik also may not assert a claim under 18 U.S.C. § 241 because it provides no private right of action. Further, Defendants are immune from suit for Plaintiff's federal claims, and those claims must be

dismissed with prejudice. However, the Court declines to exercise supplemental jurisdiction over the state law claim asserted by Plaintiff and will dismiss it without prejudice.

> **A.** **The Court dismisses without prejudice the claims asserted by Mr. Serpik on behalf of a limited liability company.**

Mr. Serpik seeks to assert claims on behalf of Roman Serpik LLC as its registered agent. This is improper. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); LCvR17.1 ("Parties who are not natural persons may not appear pro se."); *see also Lunnon v. United States*, Civ. No. 16-1152 MV/JFR, 2020 WL 7706053, at *9 (D.N.M. Nov. 20, 2020), *adopted by* 2020 WL 7090527 (D.N.M. Dec. 4, 2020) (explaining that an LLC cannot "assign its rights to [the individual plaintiff] as a *pro se* plaintiff to circumvent the rule that counsel must represent an LLC").

Mr. Serpik is not an attorney and thus may not appear pro se on behalf of Roman Serpik LLC. Therefore, the Court will dismiss without prejudice all claims asserted by Mr. Serpik on behalf of Roman Serpik LLC.

> **B.** **The Court dismisses without prejudice Mr. Serpik's claim asserted under 18 U.S.C. § 241.**

Mr. Serpik attempts to assert a claim against Defendants under a federal criminal statute, 18 U.S.C. § 241. This statute, however, does not provide a private cause of action. *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished). And Mr. Serpik lacks standing as a private citizen to enforce

§ 241 against another private citizen. *See, e.g.*, *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *King v. Keller*, 211 F. App'x 764, 765–66 (10th Cir. 2007) (unpublished) (same). Mr. Serpik therefore cannot state a claim under § 241 for which relief may be granted, and it is dismissed without prejudice.

    **C.    The Court dismisses with prejudice Mr. Serpik's remaining federal claims.**

Defendant Roper contends she is entitled to absolute judicial immunity because Mr. Serpik's claims rely on his allegations of her conduct in presiding as a judge of the State of Oklahoma over a misdemeanor criminal case involving Mr. Serpik. Defendant Marsee likewise contends that she is entitled to absolute prosecutorial immunity because Mr. Serpik's claims rely on his allegations of her conduct in prosecuting the underlying misdemeanor case. The Court agrees with Defendants and will analyze each assertion of immunity in turn.

    **1.  Judge Roper is entitled to absolute judicial immunity.**

Even assuming the veracity of Mr. Serpik's allegations, judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *see also Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) (explaining judicial immunity applies when the judge is sued in her individual capacity).

Judicial immunity is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.*

Rather, immunity is overcome in only two circumstances: "First, a judge is not immune from liability for . . . actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To this end, "[a] judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority." *Stump*, 435 U.S. at 356–57. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* at 356.

While Mr. Serpik argues that Judge Roper acted without jurisdiction in the underlying misdemeanor case, his allegations are merely conclusory and based on his own interpretation of jurisdiction.[4] Mr. Serpik essentially argues that the state court lacked jurisdiction based entirely on the state's alleged failure to respond to Mr. Serpik's jurisdictional arguments. *See* Response [Doc. No. 5] at 5. But Mr. Serpik has not set forth any facts suggesting Judge Roper acted outside her judicial capacity.

The Supreme Court in *Stump* made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally

---

[4] *See, e.g.*, Compl. [Doc. No. 1-2] at 3 ("On January 26th, 2023, the defendant(s)-in-error appeared at Common Law/Jurisdiction court where other subjects were called to the front but when the defendant(s)-in-error were called under the ROMAN SERPIK LLC (Mr. Serpik) name with other Trust and Account Identifiers on the INFORMATION COMPLAINT that identified other entities and not the living Article III man. Because of confusion I 'Objected' but Roper did not ask me a single question or verify any information . . . ."); Response [Doc. No. 5] at 6 ("[B]ecause the Arrest was made while Plaintiff was enjoying his Liberty in enjoyment of a protected (constitutional) right and when arrested-taken straight to jail is a *due process* right, error, WHEREBY that act alone the jurisdiction is lost unless consent given. The 'Crime' was COMMERCIAL CRIME 27 CFR § 72.11 with no Injured Party.") (endnote omitted).

performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity." 435 U.S. at 362. The Complaint's allegations regarding Judge Roper all deal with her conduct in district court hearings and otherwise presiding over the misdemeanor case. Thus, Mr. Serpik was dealing with Judge Roper in her judicial capacity.

Accordingly, Mr. Serpik's Complaint fails to state a claim against Judge Roper because she is entitled to absolute immunity from Mr. Serpik's federal claims based on her judicial actions. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435–36 (10th Cir. 1986) ("Judges of courts of limited jurisdiction are immune from civil liability when they act within their jurisdiction.").

Mr. Serpik's remaining federal claims against Judge Roper are dismissed with prejudice. *See Smith v. Glanz*, 662 F. App'x 595, 596 (10th Cir. 2016) (unpublished) (affirming dismissal with prejudice based on judicial immunity).

### 2. District Attorney Marsee is entitled to absolute prosecutorial immunity.

"Prosecutors are absolutely immune from civil liability for damages for 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State.'" *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *see also Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1208 (10th Cir. 2022) (analyzing the doctrine of prosecutorial immunity for the plaintiff's individual-capacity claims against the prosecutor).

To determine if the challenged conduct constitutes a prosecutorial activity, the "determinative factor is 'advocacy' because that is the prosecutor's main function.'" *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoting *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (internal citations omitted)). "[A] prosecutor is entitled to absolute immunity for those actions that cast [her] in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers*, 482 F.3d 1244, 1261–62 (10th Cir. 2007).

Mr. Serpik's allegations against Marsee all appear to relate to prosecution of the misdemeanor case, including her conduct in at least one hearing.[5] However, "a prosecutor is absolutely immune when functioning 'within the scope of his duties in initiating and pursuing a criminal prosecution.'" *Chilcoat*, 41 F.4th at 1209. "Some functions—like filing charges—are inherently related to a prosecutor's role as an advocate, and therefore protected by absolute immunity whether or not probable cause exists." *Warnick v. Cooley*, 895 F.3d 746, 752 (10th Cir. 2018). Marsee is thus entitled to absolute prosecutorial immunity for the activity alleged in the Complaint, which was within the scope of her duties in initiating and pursuing a criminal prosecution.

---

[5] *See, e.g.*, Compl. [Doc. No. 1-2] at 3 ("Defendant(s)-in-error watched Roper amend and allow people to fix-errors on the Information Complaint Forms . . . ."); Response [Doc. No. 5] at 9 ("Marsee willfully and knowingly charged another entity and not the Article III man known as Plaintiff and should not have qualified immunity do [sic] to her previous (current case at Washita County Court) cases regarding same Article III man and having been served Public Un-rebutted affidavit-documents that are lodged within her own court house at Beckham county that Marsee and Roper has seen personally, and have not rebutted/refuted, and have agreed to all plaintiffs notice(s)/public records and damages (Invoice) by Tacit procuration.") (endnote omitted).

Mr. Serpik's remaining federal claims against Marsee are dismissed with prejudice. *See Blair v. Osborne*, 777 F. App'x 926, 928–30 (10th Cir. 2019) (unpublished) (affirming dismissal of individual capacity claims with prejudice based on prosecutorial immunity).

### D. The Court declines to exercise supplemental jurisdiction over Mr. Serpik's state law claim.

Removal of this action was premised only on federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal [Doc. No. 1] at 2. All federal claims have now been dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Mr. Serpik's remaining state law claim asserted under Okla. Stat. tit. 21, § 424. *See* Compl. [Doc. No. 1-2] at 5. Thus, the Court dismisses the state law claim without prejudice. *See Gobert v. Newton-Embry*, 820 F. App'x 783, 787–88 (10th Cir. 2020) (unpublished) (determining the district court had the option of dismissing remaining state law claims or remanding them and finding it was not inappropriate to dismiss them); *accord Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1232 (10th Cir. 2020) (noting the "regular practice in this circuit of dismissing without prejudice state-law claims for which the district court has only supplemental, rather than original, jurisdiction when the federal-law claims to which they are supplemental are dismissed early in the litigation"); *Tonkovich v. Kansas Bd. of Regents, Univ. of Kansas*, 254 F.3d 941, 945 (10th Cir. 2001) (stating that 28 U.S.C.

§ 1367 grants the court discretion to dismiss supplemental state law claims when the court dismisses the federal claims over which it had original jurisdiction).

### IV. CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss [Doc. No. 3] filed by Defendants Michelle K. Roper and Angela C. Marsee.

IT IS THEREFORE ORDERED that all claims asserted by pro se Plaintiff Roman Vladimirovich Serpik on behalf of Roman Serpik LLC are DISMISSED WITHOUT PREJUDICE. Mr. Serpik's claim asserted under 18 U.S.C. § 241 is DISMISSED WITHOUT PREJUDICE. Further, Mr. Serpik's claims under 42 U.S.C. §§ 1983, 1985, and 1986 are DISMISSED WITH PREJUDICE. Finally, the Court declines to exercise supplemental jurisdiction over the remaining state law claim, which is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 14th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE